IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

**INDICTMENT**

5:09CR30 R$

**DARIO ESPINOSA,**
  **a/k/a "D,"**
  **a/k/a "Dario Espinosa-Alvarez,"**
**ISRAEL LERMA,**
  **a/k/a "Big Happy,"**
  **a/k/a "Gordo,"**
  **a/k/a "El Gordo,"**
**HECTOR MELARA,**
**MICHAEL REED,**
**MILFORD VICKERS,**
  **a/k/a "Buddy,"**
**ROB LEE YOUNG**
**and**
**MARIO GONZALES**

**THE GRAND JURY CHARGES:**

**COUNT ONE**

That from on or about March 1, 2006, through on or about May 27, 2009, in the

Northern District of Florida and elsewhere, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**ISRAEL LERMA,**
**a/k/a "Big Happy,"**
**a/k/a "Gordo,"**
**a/k/a "El Gordo,"**

**HECTOR MELARA,**
**MICHAEL REED,**
**MILFORD VICKERS,**
**a/k/a "Buddy,"**
**ROB LEE YOUNG,**
**MARIO GONZALES**

did knowingly and willfully combine, conspire, confederate and agree together and with

other persons, to distribute and possess with intent to distribute controlled substances, in

violation of Title 21, United States Code, Section 841(a)(1), and that this offense

involved five (5) kilograms or more of a mixture and substance containing a detectable

amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

That on or about July 25, 2008, in the Northern District of Florida, the defendant,

### HECTOR MELARA,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THREE

That on or about February 18, 2009, in the Northern District of Florida, the

defendant,

### HECTOR MELARA,

2

did knowingly and intentionally distribute and possess with intent to distribute a
controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and
that this offense involved a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FOUR

That on or about February 27, 2009, in the Northern District of Florida, the
defendant,

## HECTOR MELARA,

did knowingly and intentionally distribute and possess with intent to distribute a
controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and
that this offense involved a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FIVE

That on or about March 2, 2009, in the Northern District of Florida, the defendant,

## HECTOR MELARA,

did knowingly and intentionally distribute and possess with intent to distribute a
controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and
that this offense involved a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

3

## COUNT SIX

That on or about April 23, 2009, in the Northern District of Florida, the

defendants,

### HECTOR MELARA
### and
### MICHAEL REED,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT SEVEN

That on or about April 23, 2009, at approximately 5:39 p.m., in the Northern

District of Florida, the defendants,

### HECTOR MELARA
### and
### MICHAEL REED,

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Six of this

Indictment, in violation of Title 21, United States Code, Section 843(b).

4

## COUNT EIGHT

That on or about April 23, 2009, in the Northern District of Florida, the defendant,

### HECTOR MELARA,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT NINE

That on or about May 6, 2009, in the Northern District of Florida, the defendants,

### HECTOR MELARA
### and
### MICHAEL REED,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TEN

That on or about May 6, 2009, at approximately 8:55 p.m., in the Northern

District of Florida, the defendants,

### HECTOR MELARA
### and
### MICHAEL REED,

did knowingly and intentionally use and cause to be used a communications facility, that

5

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Nine of

this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

That on or about May 8, 2009, in the Northern District of Florida, the defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### MARIO GONZALES,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWELVE

That on or about May 8, 2009, at approximately 10:34 a.m., in the Northern

District of Florida, the defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### MARIO GONZALES,

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

6

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Eleven of

this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTEEN

That on or about May 9, 2009, in the Northern District of Florida, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**ROB LEE YOUNG,**

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FOURTEEN

That on or about May 9, 2009, at approximately 11:47 a.m., in the Northern

District of Florida, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**ROB LEE YOUNG,**

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code Section 841(a)(1), that is, distribution and

7

possession with intent to distribute a controlled substance, as charged in Count Thirteen

of this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT FIFTEEN

That on or about May 11, 2009, in the Northern District of Florida, the

defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**MILFORD VICKERS,**
**a/k/a "Buddy,"**

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT SIXTEEN

That on or about May 11, 2009, at approximately 2:22 p.m., in the Northern

District of Florida, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**MILFORD VICKERS,**
**a/k/a "Buddy,"**

did knowingly and intentionally use and cause to be used a communications facility, that

8

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Fifteen of

this Indictment, in violation of Title 21, United States Code, Section 843(b).

### COUNT SEVENTEEN

That on or about May 12, 2009, in the Northern District of Florida, the

defendants,

### DARIO ESPINOSA,
#### a/k/a "D,"
#### a/k/a "Dario Espinosa-Alvarez,"
#### and
### MILFORD VICKERS,
#### a/k/a "Buddy,"

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

### COUNT EIGHTEEN

That on or about May 12, 2009, at approximately 11:25 a.m., in the Northern

District of Florida, the defendants,

### DARIO ESPINOSA,
#### a/k/a "D,"
#### a/k/a "Dario Espinosa-Alvarez,"
#### and
### MILFORD VICKERS,
#### a/k/a "Buddy,"

9

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substances, as charged in Count

Seventeen of this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT NINETEEN

That on or about May 12, 2009, in the Northern District of Florida, the

defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### MARIO GONZALES,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWENTY

That on or about May 12, 2009, at approximately 8:20 p.m., in the Northern

District of Florida, the defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### MARIO GONZALES,

10

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Nineteen

of this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE

That on or about May 12, 2009, in the Northern District of Florida, the

defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### ROB LEE YOUNG,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved a mixture and substance containing a detectable amount of

cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWENTY-TWO

That on or about May 12, 2009, at approximately 1:01 p.m., in the Northern

District of Florida, the defendants,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"
### and
### ROB LEE YOUNG,

11

did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and possession with intent to distribute a controlled substance, as charged in Count Twenty-One of this Indictment, in violation of Title 21, United States Code, Section 843(b).

### COUNT TWENTY-THREE

That on or about May 15, 2009, in the Northern District of Florida, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**MILFORD VICKERS,**
**a/k/a "Buddy,"**

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and that this offense involved a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

### COUNT TWENTY-FOUR

That on or about May 15, 2009, at approximately 7:35 p.m., in the Northern District of Florida, the defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**

12

**MILFORD VICKERS,**
**a/k/a "Buddy,"**

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute a controlled substance, as charged in Count Twenty-

Three of this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-FIVE

That on or about May 26, 2009, in the Northern District of Florida, the

defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**and**
**ISRAEL LERMA,**
**a/k/a "Big Happy,"**
**a/k/a "Gordo,"**
**a/k/a "El Gordo,"**

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved 500 grams or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section

841(b)(1)(B)(ii).

## COUNT TWENTY-SIX

That on or about May 27, 2009, in the Northern District of Florida, the

13

defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**HECTOR MELARA,**
**and**
**MICHAEL REED,**

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and

that this offense involved 500 grams or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section

841(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

**COUNT TWENTY-SEVEN**

That on or about May 27, 2009, at approximately 8:10 a.m., in the Northern

District of Florida, the defendants,

**HECTOR MELARA**
**and**
**MICHAEL REED,**

did knowingly and intentionally use and cause to be used a communications facility, that

is, a telephone, in committing and in causing and facilitating the commission of a felony

violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and

possession with intent to distribute controlled substances, as charged in Count Twenty-

Six of this Indictment, in violation of Title 21, United States Code, Section 843(b).

14

## COUNT TWENTY-EIGHT

That on or about May 27, 2009, at approximately 8:30 a.m., in the Northern
District of Florida, the defendant,

### HECTOR MELARA,

did knowingly and intentionally use and cause to be used a communications facility, that
is, a telephone, in committing and in causing and facilitating the commission of a felony
violation of Title 21, United States Code, Section 841(a)(1), that is, distribution and
possession with intent to distribute a controlled substance, as charged in Count Twenty-
Six of this Indictment, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-NINE

That on or about May 27, 2009, in the Northern District of Florida, the defendant,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"

did knowingly and intentionally possess with intent to distribute a controlled substance,
in violation of Title 21, United States Code, Section 841(a)(1), and that this offense
involved 500 grams or more of a mixture and substance containing a detectable amount
of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

## COUNT THIRTY

That on or about May 27, 2009, in the Northern District of Florida, the defendant,

### ROB LEE YOUNG,

did knowingly and intentionally possess with intent to distribute a controlled substance,

15

in violation of Title 21, United States Code, Section 841(a)(1), and that this offense

involved a mixture and substance containing a detectable amount of cocaine, in violation

of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-ONE

That on or about May 27, 2009, in the Northern District of Florida, the defendant,

### MARIO GONZALES,

did knowingly and intentionally possess with intent to distribute a controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1), and that this offense

involved a mixture and substance containing a detectable amount of cocaine, in violation

of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-TWO

That on or about May 27, 2009, in the Northern District of Florida, the

defendant,

### DARIO ESPINOSA,
### a/k/a "D,"
### a/k/a "Dario Espinosa-Alvarez,"

having previously been convicted of crimes punishable by terms of imprisonment

exceeding one year, did knowingly possess a firearm in and affecting interstate and

foreign commerce, that is:

1.    a.    On or about January 14, 1987, **DARIO ESPINOSA, a/k/a "D,"**

**a/k/a "Dario Espinosa-Alvarez,"** was convicted in the United States District Court for

the Northern District of Illinois of the offenses of possessing with intent to distribute

16

cocaine and traveling across state lines to facilitate the carrying on of an unlawful activity, specifically narcotics offenses.

  b. On or about September 9, 1987, **DARIO ESPINOSA a/k/a "D,"** **a/k/a "Dario Espinosa-Alvarez,"** was convicted in the United States District Court for the Northern District of Illinois of the offense of conspiracy to possess with intent to distribute cocaine.

  c. On or about September 10, 1981, **DARIO ESPINOSA a/k/a "D,"** **a/k/a "Dario Espinosa-Alvarez,"** was convicted in the Circuit Court of the Eleventh Judicial Circuit of Florida of the offense of armed robbery.

  2. For each of the above described crimes, **DARIO ESPINOSA a/k/a "D,"** **a/k/a "Dario Espinosa-Alvarez,"** was subject to punishment by a term of imprisonment exceeding one year.

  3. Thereafter, **DARIO ESPINOSA a/k/a "D," a/k/a "Dario Espinosa-Alvarez,"** did knowingly possess a firearm, that is a Sig Sauer, Model P39, .40 caliber pistol.

  4. This firearm had previously been transported in interstate and foreign commerce.

  All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## CONTROLLED SUBSTANCE FORFEITURE

  The allegations contained in Counts One through Thirty-One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture

17

pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violations alleged in Counts One through Thirty-One

of this Indictment, each of which is punishable by imprisonment for more than one year, the

defendants,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**
**ISRAEL LERMA,**
**a/k/a "Big Happy,"**
**a/k/a "Gordo,"**
**a/k/a "El Gordo,"**
**HECTOR MELARA,**
**MICHAEL REED,**
**a/k/a "Doctor,"**
**MILFORD VICKERS,**
**a/k/a "Buddy,"**
**ROB LEE YOUNG,**
**MARIO GONZALES,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1)

and (2), all of their interests in:

      A.      Property constituting or derived from any proceeds the defendants obtained

directly or indirectly, as the result of such violations; and

      B.      Property used in any manner or part to commit or to facilitate the

commission of such violations.

If any of the property subject to forfeiture as a result of any act or omission of the

defendants:

      A.      cannot be located upon the exercise of due diligence;

18

B.      has been transferred or sold to, or deposited with, a third person;

C.      has been placed beyond the jurisdiction of this Court;

D.      has been substantially diminished in value; or

E.      has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendants up to the value of the

above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## FIREARM FORFEITURE

The allegations contained in Count Thirty-Two of this Indictment are hereby

realleged and incorporated by reference. Because the defendant,

**DARIO ESPINOSA,**
**a/k/a "D,"**
**a/k/a "Dario Espinosa-Alvarez,"**

knowingly committed the violation set forth in Count Thirty-Two of this Indictment, any

and all interest which this defendant has in the firearm involved in this violation is vested

in the United States and hereby forfeited to the United States pursuant to Title 18, United

States Code, Section 3665.

A TRUE BILL:

**REDACTED**

FOREPERSON

_6 - 23 - 9_

DATE

THOMAS F. KIRWIN
United States Attorney

GAYLE E. LITTLETON
Assistant United States Attorney

20