IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 5:09CR30-4

MICHAEL REED

### PLEA AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into by and between defendant Michael Reed, Marcia Shein, attorney for Michael Reed, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against defendant.

2. TERMS

The parties agree to the following terms:

a. Michael Reed will plead guilty to Count One of the Indictment. If the Court determines that the defendant is responsible for between 500 grams and 5 kilograms of cocaine, Count One carries a mandatory minimum term of five years' imprisonment, a maximum term of forty years' imprisonment, a $2,000,000 fine, at least five years of supervised release, and a $100 special monetary assessment. If the Court determines that the defendant is responsible for in excess of 5 kilograms of cocaine, Count One carries a mandatory minimum term of ten years' imprisonment, a maximum term of life imprisonment, a $4,000,000 fine, at least ten years of supervised release, and

1

FILED IN OPEN COURT THIS
7/23/09
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

a $100 special monetary assessment. However, pursuant to 18 U.S.C. § 3553(f), the mandatory minimum sentence on Count One would not apply if the Court determines that: (1) the defendant does not have more than 1 criminal-history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (2) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, supervisor of others in the offense, as determined under the sentencing guidelines, and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

    b. Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty to this offense, defendant acknowledges that were this case to go to trial, the government could present evidence to support the charge beyond a reasonable doubt.

    c. Upon the District Court's adjudication of defendant's guilt for a violation of 21 U.S.C. § 846, the United States Attorney for the Northern District of Florida will not file any further criminal charges against defendant arising out of the same transactions or occurrences to which defendant has pled. In addition, the United States will move to dismiss the remaining Counts against defendant because: (1) by pleading to Count One, defendant is admitting all conduct charged in the remaining Counts; and (2) the remaining Counts would not impact the applicable advisory Guidelines range.

d. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement

f. The United States Attorney agrees not to recommend a specific sentence. However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

### 3. SENTENCING

a. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentencing greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b. The parties reserve the right to appeal any sentences imposed.

### 4. FORFEITURE

a.      The indictment alleges that because defendant knowingly engaged in conduct in

violation of Title 21, United States Code, Section 846, he subjected to forfeiture to the United States, pursuant to Title 21, United States Code, Section 853: (1) any and all property constituting and derived from, any proceeds he obtained, directly and indirectly, as a result of the violations of Title 21, United States Code, Section 846; and (2) any and all property used, or intended to be used, in any manner or part, to commit and facilitate the commission of the violations of Title 21, United States Code, Section 846, including, but not limited to, $30,000.00, representing the estimated value of the kilogram of cocaine he purchased from Hector Melara in or around February 2009. By entry of a guilty plea to Count One, defendant understands that the above property is subject to forfeiture.

b.  The defendant agrees to the entry of a preliminary order of forfeiture in the amount of $30,000.

c.  The defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty the Court may impose upon the defendant in addition to the forfeiture judgment.

d.  At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of quality, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and Michael Reed, and Michael Reed enters this agreement knowingly, voluntarily, and upon

advice of counsel.

_____
MARCIA SHEIN
Attorney for Defendant

7/23/09
Date

_____
MICHAEL REED
Defendant

7/23/09
Date

THOMAS F. KIRWIN
United States Attorney

_____
GAYLE E. LITTLETON
Assistant United States Attorney
Massachusetts Bar No: 643649
30 West Government Street
Panama City, FL 32401-2758
(850) 769-8854

7/23/09
Date

5